# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| **SOUTHEASTRANS, INC.,** | **CIVIL ACTION NO.** _____ |
| **Plaintiff,** | |
| | **JUDGE** _____ |
| **V.** | |
| **MORGAN LANDRY,** | **MAGRISTRATE JUDGE** _____ |
| **JONATHAN LESTER, and** | |
| **MEDI TRANS, LLC,** | |
| **Defendants.** | |

## COMPLAINT

Plaintiff, Southeastrans, Inc., a corporation organized and existing under the laws of the State of Georgia, through undersigned counsel, hereby submits its Complaint against Morgan Landry, Jonathan Lester, and Medi Trans, LLC, and alleges as follow:

1.

The plaintiff, Southeastrans, Inc. ("Southeastrans"), is a transportation management company specializing in efficient and innovative delivery of non-emergency medical transportation ("NEMT") services.  In particular, Southeastrans specializes in providing brokerage services in the NEMT industry throughout the United States.   Southeastrans is a Georgia Corporation with its principal place of business in Atlanta, Fulton County, Georgia.

2.

Made defendants in this action are:

(1)   Morgan Landry, a person of full age of majority who is a citizen of Louisiana domiciled in the Parish of East Baton Rouge;

(2)   Jonathan Lester, a person of full age of majority who is a citizen of Louisiana domiciled in the Parish of Orleans; and

(3)     Medi Trans, LLC ("Medi Trans"), a Louisiana limited liability company.  Upon information and belief, Medi Trans is a single-member LLC and its sole member, Paul A. Broussard, is a citizen of Louisiana domiciled in the Parish of Lafayette.

3.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the citizenship of plaintiff and all defendants is diverse and the amount in dispute exceeds $75,000, exclusive of costs and attorneys' fees.  This Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because plaintiff is asserting claims against defendants under the federal Defense of Trade Secrets Act, 18 U.S.C. § 1836.

4.

Venue is proper in this judicial district under 28 U.S.C. § 1391, as it is the district in which defendant Medi Trans resides and it is the district where a substantial part of the events giving rise to these claims occurred.

5.

From May 2017 through November 2019, defendant Landry was employed as the Louisiana State Director for Southeastrans.  From April 2017 through October 2019, defendant Lester was employed as the Provider Relations Manager for Southeastrans in Louisiana.  These two jobs are key positions for Southeastrans' Louisiana operations and gave both Landry and Lester access to proprietary and confidential information belonging to Southeastrans.

6.

Southeastrans takes steps to protect its proprietary and confidential information.  For example, its Employee Handbook and Code of Conduct specify, *inter alia*, that employees have an obligation to keep confidential Southeastrans' proprietary information, including its business strategies, future plans, marketing plans and strategies, pricing information, trade secrets, financial information, contracts, supplier lists, and customer lists.  Employees are also required to return all

Southeastrans property at the time their employment with the company ends. Furthermore, Southeastrans' has a detailed Acceptable Use policy which has been specifically designed to protect Southeastrans' proprietary and confidential information against loss or theft, unauthorized access, disclosure, copying, use, modification or destruction. The Acceptable Use policy specifies, *inter alia*, that employees are only allowed to access, use, or disclose confidential or proprietary information to the extent it is authorized and necessary to fulfill job duties. During their employment with Southeastrans, Landry and Lester were both made aware of these policies and agreed to abide by them.

7.

Additionally, since he was the highest level manager in Louisiana, Landry signed a Non-Compete, Non-Solicitation, and Confidentiality Agreement ("Employment Agreement"). The Employment Agreement provides that during Landry's employment and for one year following the termination of his employment, he was not to engage in direct or indirect competition with Southeastrans in Louisiana. A true and correct copy of Landry's Employment Agreement is attached as Exhibit 1.

8.

The Employment Agreement further prohibits Landry from directly or indirectly soliciting any customers or prospective customers of Southeastrans in Louisiana during his employment and for a period of one year following the termination of his employment.

9.

Landry also agreed not to interfere with Southeastrans' business in any way, including its relationships with customers, agents, representatives, contractors, suppliers, or otherwise.

PD.27608763.1

10.

The Employment Agreement also prohibits Landry from using or disclosing Southeastrans' confidential information and required Landry to return all of Southeastrans' confidential information upon his departure from the company.

11.

On November 4, 2019, Landry resigned from his employment with Southeastrans.

12.

Shortly before his resignation, Landry used his company issued laptop to access numerous confidential and proprietary documents of Southeastrans.

13.

Upon information and belief, shortly before his resignation, Landry uploaded many of Southeastrans' confidential and proprietary documents to various cloud based file hosting services, including Dropbox, Microsoft OneDrive, and Google Drive.

14.

Upon information and belief, shortly before his resignation, Landry also saved many of Southeastrans' confidential and proprietary documents to various removable data storage devices such as flash drives, thumb drives, and/or external hard drives.

15.

Upon information and belief, prior to his resignation with Southeastrans, Landry began making plans with Lester and representatives of Medi Trans to compete directly with Southeastrans in Louisiana.  Prior to this time, Medi Trans was not a competitor of Southeastrans. Rather, Medi Trans was a provider of transportation services under contract with Southeastrans and obligated not to compete against Southeastrans.

16.

Upon information and belief, prior to his resignation and departure from Southeastrans, Landry began soliciting customers and/or potential customers of Southeastrans by informing them that he was leaving Southeastrans to join Medi Trans.  Furthermore, upon information and belief, Landry also informed these customers and/or potential customers that once at Medi Trans he could provide them with the same services that Southeastrans was providing.

17.

Landry's last day of employment with Southeastrans was November 13, 2019.

18.

Upon information and belief, as soon as Landry left Southeastrans, he started his employment with Medi Trans.

19.

Once with Medi Trans, Landry began competing against Southeastrans by enabling Medi Trans to provide brokerage services for the provision of non-emergency medical transportation in Louisiana.  Prior to its employment of Landry, Medi Trans did not provide such services in Louisiana.

20.

When Landry resigned, he did not return to Southeastrans all of its confidential information, including pricing information, customer lists, business strategies, and more.  Landry also deleted numerous documents from his company issued laptop and wiped his company issued cell phone clean before he turned it in.

21.

Upon information and belief, Landry is using Southeastrans' confidential and proprietary information to compete against the company to the direct benefit of himself and Medi Trans.

PD.27608763.1

22.

Defendant Lester also made plans to leave Southeastrans and go work for Medi Trans.

23.

Upon information and belief, once Lester decided to join Medi Trans, instead of returning Southeastrans' property as he agreed to do, he deleted proprietary data from his company issued laptop and cell phone.

24.

Upon information and belief, Lester had knowledge of, assisted and conspired with Landry and Medi Trans in misappropriating proprietary and confidential information from Southeastrans, and is using such information in soliciting Southeastrans' customers and potential customers to move their business over to Medi Trans, and enabling Medi Trans to take business away from Southeastrans.

25.

On March 14, 2018, Southeastrans and Medi Trans entered into a Non-Emergency Medical Transportation Provider Agreement ("NEMT Provider Agreement"). Pursuant to the NEMT Provider Agreement, as the broker, Southeastrans is tasked with arranging non-emergency medical transportation services for eligible patients, including the numerous administrative duties associated with those services. Medi Trans, as the provider, is tasked with transporting the patients.

26.

Unless Medi Trans received Southeastrans' prior approval, the NEMT Provider Agreement prohibits Medi Trans from entering into any subcontractor or other agreement with anyone for any services contemplated within the scope of the NEMT Provider Agreement.

PD.27608763.1

27.

The NEMT Provider Agreement also prohibits Medi Trans from soliciting for employment any current employees of Southeastrans or any former employees of Southeastrans for one year following the end of their employment.

28.

Upon information and belief, Medi Trans actively solicited for employment both Landry and Lester while they were employed by Southeastrans.  Medi Trans is continuing to solicit other employees to resign from Southeastrans and join Medi Trans in competing against Southeastrans.

29.

Moreover, after obtaining the employment of Landry and Lester, Medi Trans began usurping Southeastrans' duties and services as broker in direct violation of the NEMT Provider Agreement Service Contract.

30.

Defendants Landry and Lester have breached and continue to breach the Employment Agreement and other agreements they signed with Southeastrans in the following ways:

(a)     deleting and failing to return Southeastrans' proprietary and confidential information;

(b)     misappropriating Southeastrans' proprietary and confidential information and using it to benefit themselves and Medi Trans;

(c)     competing against Southeastrans and soliciting its customers, potential customers, and employees; and

(d)     interfering with Southeastrans' business and business relationships.

Southeastrans fears that Lester and Landry's acts described above are ongoing and Southeastrans will continue to suffer additional harm if a temporary restraining order is not issued.[1]

31.

Defendants' conduct was and is intentional, willful, malicious, and designed to breach their agreements with Southeastrans, and Southeastrans is entitled to injunctive relief prohibiting defendants from competing against Southeastrans, from soliciting customers and potential customers of Southeastrans, and from continuing their use of Southeastrans' confidential and trade secret information.  Further, Southeastrans is entitled to an order requiring defendants to return its pricing, customer lists, business strategies, and other confidential documents.  Southeastrans has also suffered other damages based upon defendants' violations of their agreements in an amount to be proven at trial.

32.

Defendant Medi Trans, with the assistance of Landry and Lester, have violated and are continuing to violate the NEMT Provider Agreement in the following ways:

(a)     soliciting and hiring Landry, Lester, and other Southeastrans' employees,

(b)     soliciting Southeastrans' customers and potential customers and thereby usurping the services to be performed by Southeastrans' under the NEMT Provider Agreement; and

(c)     permitting its employees, including Landry and Lester, to use Southeastrans' proprietary and confidential information.

---

[1] Pursuant to Local Rule 65.1, Southeastrans' Application for Temporary Restraining Order, and Preliminary and Permanent Injunction will be submitted to the Court in a separate filing.

PD.27608763.1

33.

Defendants' actions described above have caused Southeastrans to lose customers and potential customers and will continue to harm Southeastrans if a temporary restraining order is not issued.   Pursuant to Louisiana Civil Code article 1987, Southeastrans is not required to prove irreparable harm in order to obtain injunctive relief because defendants are violating their obligations "not to do" certain things.

34.

Southeastrans spent extensive time, labor, skill and money in preparing, researching, designing, and developing its business strategies, future plans, marketing plans and strategies, pricing information, financial information, contracts, supplier lists, customer lists, and other information about Southeastrans and its business operations.

35.

This information is extremely valuable to Southeastrans and gives it a competitive advantage in the marketplace.   Furthermore, the information is not generally known or readily ascertainable by other persons and is the subject of reasonable efforts to maintain secrecy, as is evident from, *inter alia*, the confidentiality provisions in the Employee Handbook, the Employee Code of Conduct policy, the Acceptable Use policy, and Landry's Employment Agreement.

36.

Landry and Lester obtained this confidential and proprietary information while in a position of trust with Southeastrans.   Landry and Lester breached their duties owed to Southeastrans by misappropriating and using the confidential and proprietary information to compete against Southeastrans and solicit its customers, potential customers, and vendors to move their business to Medi Trans.

37.

Upon information and belief, Medi Trans had knowledge and encouraged Landry and Lester to bring with them Southeastrans' proprietary information and is, therefore, also liable for these acts.  Additionally, Medi Trans is liable for the actions of Landry and Lester under the doctrine of respondent superior.

38.

These actions by all defendants constitute trade secret misappropriation in violation of 28 U.S.C. § 1831, *et seq*, and the Louisiana Uniform Trade Secrets Act, La. R.S. 51:1431, *et seq*.  As a result of defendants' willful and malicious misappropriations, Southeastrans has suffered actual damages in an amount to be proven at trial, and is further entitled to exemplary damages and attorneys' fees.  Moreover, defendants should be immediately restrained from continuing violations.

39.

Moreover, defendants' use of Southeastrans' confidential information to directly and unfairly compete against Southeastrans and divert business opportunities, customers, and potential customers to Medi Trans offends public policy and is immoral, unethical, malicious, and designed to cause substantial injury to Southeastrans.

40.

The defendants' conduct constitutes deceptive acts or practices in the conduct of a business, trade or commerce in violation of the Louisiana Unfair Trade Practices Law, La. R.S. 51:1401, *et seq*.  As a result of their violations, Southeastrans has been injured and is entitled to injunctive relief and to recover actual damages, treble damages, costs and attorneys' fees.

41.

Additionally, defendants Landry and Lester both owed certain fiduciary duties and obligations to Southeastrans during their employment.   These duties including not misappropriating or providing confidential information to third parties, and not diverting Southeastrans' business opportunities to third parties for personal gain.

42.

Upon information and belief, defendants Landry and Lester breached these duties while still employed with Southeastrans.

43.

Upon information and belief, Landry and Lester, with the knowledge and approval of Medi Trans, uploaded, downloaded, deleted, and took without permission customer lists, pricing, and other confidential Southeastrans information in furtherance of their scheme to join Medi Trans and compete directly and unfairly against Southeastrans.   Moreover, defendants Landry and Lester further breached their fiduciary duties to Southeastrans by beginning to solicit customers, potential customers, and employees while still employed with Southeastrans.

44.

Defendants' conduct was intentional, willful, malicious, and in breach of their fiduciary duties to Southeastrans.

45.

All defendants conspired, combined, or agreed to commit one or more of the offenses or quasi-offenses set forth above in this Complaint.

PD.27608763.1

46.

Defendants, by virtue of this conspiracy, combination or agreement, are solidarily bound for all damages referenced herein, and the relief requested herein comprises an obligation or obligations to which each of the defendants is solidarily bound.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, Southeastrans, Inc., prays that after due proceedings, an injunction be issued for the following:

(1)    enjoining defendants Landry and Lester from engaging in acts in violation of their agreements with Southeastrans;

(2)    enjoining all defendants from using any and all confidential information belonging to Southeastrans and to return such information;

(3)    enjoining all defendants from continuing to solicit Southeastrans' employees; and

(4)    enjoining all defendants from soliciting Southeastrans' customers and potential customers in violation of Medi Tans' obligations under the NEMT Provider Agreement.

Southeastrans further prays that there be judgment in its favor and against defendants, solidarily, for damages in an amount to be determined at the trial of this matter, including lost profits, exemplary damages, treble damages, reasonable costs and attorneys' fees, prejudgment and post-judgment interest, and for all other equitable and general relief as this Court deems appropriate.

PD.27608763.1

Respectfully submitted,

**PHELPS DUNBAR LLP**

By: _____

    Thomas H. Kiggans, Bar Roll No. 14422, T.A.
    Jessica C. Huffman, Bar Roll No. 30445
    Taylor J. Crousillac, Bar Roll No. 37087
    II City Plaza | 400 Convention Street, Suite 1100
    Baton Rouge, Louisiana 70802-5618
    Post Office Box 4412
    Baton Rouge, Louisiana 70821-4412
    Telephone: 225-346-0285
    Telecopier: 225-381-9197
    Email: Thomas.Kiggans@phelps.com
           Jess.Huffman@phelps.com
           Taylor.Crousillac@phelps.com

**ATTORNEYS FOR PLAINTIFF,
SOUTHEASTRANS, INC.**

PD.27608763.1