UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **SOUTHEASTRANS, INC.** | **CASE NO.  20-CV-00086** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **MORGAN LANDRY, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

**MEMORANDUM RULING**

Before the court is a Motion to Dismiss Defendants' Counterclaims [ECF No. 16] filed by plaintiff Southeastrans, Inc. ("Southeastrans"), seeking to dismiss the counterclaims asserted by defendants Medi Trans, LLC ("Medi Trans"), Morgan Landry, and Jonathan Lester (collectively, "Defendants"). The defendants filed an Opposition [ECF No. 20], to which Southeastrans has filed a Reply. [ECF No. 23] For the following reasons, the motion is GRANTED.

**I.**
**BACKGROUND**

Southeastrans is a Georgia corporation that provides non-emergency medical transportation ("NEMT") services and NEMT brokerage services throughout the United States. [ECF No. 1 at 1] Defendants Landry and Lester were employed by Southeastrans in Louisiana until late 2019. [ECF No. 1 at 2] In addition to general policies related to the use of proprietary and confidential information, Landry's employment agreement included non-competition provisions that prohibit solicitation of Southeastrans' customers and interference with its business; they also require the return of all confidential information upon leaving employment. [ECF No. 1 at 3-4] Medi Trans entered into an agreement with Southeastrans in which Medi Trans allegedly agreed to provide transportation services, agreed not to compete with Southeastrans in the NEMT

1

market, and agreed not to solicit Southeastrans employees, among other provisions. [ECF No. 1 at 6-7] Southeastrans alleges that prior to leaving their employment with Southeastrans, Landry and Lester negotiated an employment arrangement with Medi Trans, and agreed to develop a competing NEMT brokerage for Medi Trans. Southeastrans alleges that Landry and Lester either made copies of or failed to return Southeastrans' proprietary and confidential information. [ECF No. 1 at 4-7] Southeastrans asserts that the defendants have used or are using its confidential and proprietary information to unfairly compete with Southeastrans in the NEMT market. [*Id.*]

Southeastrans filed the Complaint [ECF No. 1] in this matter, alleging that Defendants violated their agreements with Southeastrans by competing against it and using its proprietary and confidential information. Southeastrans further asserts claims of trade secret misappropriation in violation of 28 U.S.C. § 1831, *et seq.,* violations of the Louisiana Uniform Trade Secrets Act, La. R.S. 51:1431, *et seq.*, and violations of the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401, *et seq.* Southeastrans further asserts that Landry and Lester violated their fiduciary duties to Southeastrans. Southeastrans requests damages and injunctive relief. This Court entered a temporary restraining order [ECF No. 8] enjoining all defendants from using, sharing, altering, or destroying any confidential or proprietary information belonging to Southeastran or from soliciting Southeastrans employees, among other orders. Defendants then filed a Counterclaim [ECF No. 11] asserting that Southeastrans has violated the Louisiana Unfair Trade Practices Act and committed tortious interference with their business relations, and seeking damages and injunctive relief.

Plaintiffs now request Defendants' counterclaims be dismissed.

## II.
### APPLICABLE STANDARD

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable clam. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Id.* at 161–62. When deciding a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)(citations, quotation marks, and brackets omitted). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) *(citing Twombly,* 550 U.S. at 555, 127 S.Ct.1955). "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice." *Id.* In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). However, "the court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir.1994); *see also Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir.2005).

### III.
### LAW AND ANALYSIS

**A.  <u>Defendants' Tortious Interference with Business Counterclaim.</u>**

Southeastrans argues that the defendants' counterclaim for tortious interference with business should be dismissed because Defendants fail to allege any facts that prove malice or actual interference by Southeastrans. [ECF No. 16-1 at 3] Specifically, Southeastrans argues that Defendants' assertions that Southeastrans acted "maliciously" and that its "acts" and "actions" interfered or attempted to interfere with their business are conclusory and lack sufficient factual content. [ECF No. 16-1 at 4-6] Defendants counter that the Counterclaim contains sufficient factual content; specifically, they allege that Southeastrans "interfered with their business contacts, contracts, and dealings in an effort to blackball them from the [NEMT] industry" and argue that malice is inherent in these allegations. [ECF No. 20 at 1]

For purposes of a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the party asserting the claim of which dismissal is sought. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Recitals of the elements of a claim, supported by conclusory statements, do not suffice to state the claim for purposes of a motion to dismiss, nor is the Court bound to accept legal conclusions as true. *Ashcroft,* 556 U.S. at 662. In support of the defendants' tortious interference claim, the Counterclaim alleges that "Plaintiff's lawsuit and other recent actions constitute violations of the [LUTPA] and amount to tortious interference with [Medi Trans'] business relations." [ECF No. 11 at 7] It further alleges that Southeastrans "has engaged in various acts including but not limited to interfering with Medi Trans' business contacts and/or contracts in an effort to hinder the launch of its program with Healthy Blue and blackball it in the NEMT industry" and "is purposefully

harassing [the defendants] and attempting to maliciously influence others in an effort to blackball them from the NEMT industry." [*Id.*]

Defendants' counterclaim for tortious interference does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" First, Defendants merely plead malice in a conclusory fashion. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While Rule 9(b) states that "malice" may be "alleged generally," courts have required more than barebone, conclusory allegations that a party acted maliciously to satisfy the malice element of a Louisiana tortious interference claim. *See, e.g., Mountain States Pipe & Supply Co. v. City of New Roads, La.,* No. CIV.A. 12-2146, 2013 WL 3199724, at *3 (E.D. La. June 21, 2013). "Louisiana courts have limited this cause of action by imposing a malice element, which requires that the plaintiff show the defendant acted with actual malice." *JCD Mktg. Co. v. Bass Hotels and Resorts, Inc.*, 812 So.2d 834, 841 (La.Ct.App.2002); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 601 (5th Cir.1981). "Although its meaning is not perfectly clear, the malice element seems to require a showing of spite or ill will, which is difficult (if not impossible) to prove in most commercial cases in which conduct is driven by the profit motive, not by bad feelings. In fact, there appear to be no reported cases in which anyone actually has been held liable for the tort." George Denegre, Jr., et al., *Tortious Interference and Unfair Trade Claims: Louisiana's Elusive Remedies for Business Interference,* 45 Loy. L.Rev. 395, 401 (1999). Accordingly, "actual malice must be pleaded in the complaint." *Mountain States Pipe & Supply*, 2013 WL 3199724, at *3. To plead actual malice, a party must plead "sufficient factual matter" concerning the acts or statements reflecting malice to "support an inference that [a defendant's] actions" in a commercial context "were motivated by the requisite 'spite or ill will,' that is, 'actual malice,' rather than profit." *Id.*; *see also Kalencom Corp. v. Shulman,* No. CV 17-5453, 2018 WL 1739213,

at *3 (E.D. La. Apr. 11, 2018). Here, Defendants' malice allegations do not satisfy these standards. Second, Defendants merely allege "other recent actions" and "various acts" as constituting tortious interference without further explanation or sufficient factual material that would support an inference that Southeastern committed acts of tortious interference. Accordingly, Southeastrans' motion is GRANTED, and the defendants' tortious interference with business counterclaim is DISMISSED.

### B. Defendants' LUTPA Counterclaim.

Southeastrans also seeks dismissal of Defendants' LUTPA counterclaim on the grounds that Defendants fail to allege facts demonstrating actual injury and only make conclusory assertions of a LUTPA violation. [ECF No. 16-1 at 7-10] Defendants do not, in their Opposition, address Southeastrans' request to dismiss their LUTPA counterclaim.  A claim under LUTPA contains two elements: "(1) the person must suffer an ascertainable loss; and (2) the loss must result from another's use of unfair methods of competition and unfair or deceptive acts or practices." *NOLA 180 v. Treasure Chest Casino, LLC*, 91 So. 3d 446, 450 (La. App. 5 Cir. 2012); *see also* La. R.S. 51:1409(A) (allowing for private actions under LUTPA by "[a]ny person who suffers any ascertainable loss of money or movable property.").  Allegations supporting a LUTPA claim must show how the alleged violations of LUTPA "resulted in an actual loss of business or any other form of identifiable damage to the business." *Checkpoint Fluidic Systems International, Ltd. v. Guccione*, No. 10-4505, 2011 WL 3268386, at *10 (E.D. La. July 28, 2011).

Here, like their tortious interference claim, Defendants fail to plead sufficient factual material to state a plausible LUTPA claim. For example, Defendants allege that "Plaintiff has engaged in various acts including but not limited to interfering with Medi Trans' business contacts and/or contracts in an effort to hinder the launch of its program with Healthy Blue and blackball it

in the NEMT industry." [ECF No. 11 at ¶ 50] But Defendants do not allege facts explaining what actions were taken by Southeastrans and how those actions constitute "unfair or deceptive acts or practices." Nor have Defendants alleged facts showing that the alleged violations of LUTPA resulted in an actual loss of business or other form of identifiable damage. Accordingly, the motion is GRANTED, and the defendants' LUTPA counterclaim is DISMISSED.

### C. <u>Leave to Replead.</u>

Defendants alternatively request an opportunity to amend the Counterclaim to cure any deficiencies in their claims. [ECF No. 20 at 2] Southeastrans argues that Defendants should not be granted leave to replead because they have not formally requested leave to amend their Counterclaim. [ECF No. 23 at 4] Southeastrans further argues that any amendment would be futile because Defendants cannot allege malice by Southeastrans because they have admitted that Southeastrans' motivation is economic, and Defendants do not identify the facts that support their allegations made based on information and belief. [*Id.* at 4-5]

Rule 15(a) of the Federal Rules of Civil Procedure provides that courts should "freely" grant leave to amend when "justice so requires." But this "generous standard is tempered by the necessary power of a district court to manage a case." *Priester v. J. P. Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013). One key exception to this generous standard is where the amendment would be futile. *See Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). In determining futility, courts "apply the same standard of legal sufficiency as applies to Rule 12(b)(6)." *Id*. In other words, if an amendment would be subject to the same grounds of dismissal as under a defendant's original Rule 12(b)(6) motion, amendment would be futile and the court should deny leave to amend. It is not clear at this stage that Defendants *cannot* assert any set of facts that would support their counterclaims such that amendment would be futile.

Furthermore, it is not the case that Defendants have previously amended the Counterclaim. Nor is it clear that the request to amend or replead is made purely for purposes of delay. Consequently, the Court will GRANT leave to amend the Counterclaim, without prejudice to Southeastrans' ability to re-urge its motion to dismiss after the Counterclaim is amended.

## IV.
### CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Southeastrans' Motion to Dismiss Defendants' Counterclaims [ECF No. 16] is GRANTED. Defendants' counterclaims are DISMISSED. Defendants are GRANTED leave to amend their Counterclaim. Any amended Counterclaim shall be filed no later than fourteen (14) days from the date of entry of this order.

THUS DONE in Chambers on this 23rd day of February, 2021.

*[signature]*

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**