UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SOUTHEASTRANS, INC.                    CASE NO.  20-CV-00086

VERSUS                                 JUDGE ROBERT R. SUMMERHAYS

MORGAN LANDRY, ET AL.                  MAGISTRATE JUDGE WHITEHURST

MEMORANDUM RULING

Pending before the court is a Motion for Partial Summary Judgment filed by defendant Morgan Landry. [ECF No. 26] Landry seeks dismissal of Southeastrans, Inc.'s ("Southeastrans") claims against him for violation of non-competition and non-solicitation provisions in his employment agreement. Southeastrans has filed an opposition [ECF No. 29], to which Landry has filed a reply. [ECF No. 34] For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

I.
BACKGROUND

Southeastrans is a Georgia corporation that provides non-emergency medical transportation ("NEMT") brokerage services throughout the United States. [ECF No. 1 at 1] Defendants Landry and Lester were employed by Southeastrans in Louisiana until late 2019. [ECF No. 1 at 2] Southeastrans alleges that, in addition to general policies related to the use of proprietary and confidential information, Landry's employment agreement included non-competition provisions prohibiting him from competing with Southeastern and soliciting Southeastrans' customers; the agreement also requires the return of all Southeastrans' confidential information upon termination of his employment. [ECF No. 1 at 3-4] Southeastrans asserts that under a Non-Emergency Medical Transpotration Provider Agreement, Medi Trans agreed to

1

provide transportation services, agreed not to compete with Southeastrans in the NEMT market, and agreed not to solicit Southeastrans' employees for up to one year after their employment terminated. [ECF No. 1 at 6-7]

The "Non-Compete, Non-Solicitation, and Confidentiality Agreement" ("the Non-Compete Agreement") attached both to the Complaint [ECF No. 1-2] and to Southeastrans' opposition [ECF No. 29-2] contains the relevant restrictions on competition and solicitation. Section 4 of the Non-Compete Agreement provides that Landry shall not engage in any listed form of solicitation during his employment with Southeastrans and for one year following termination. [ECF No. 29-2 at 2] Section 4(A) bars Landry from soliciting or attempting to solicit any of Southeastrans' "customers or actively sought prospective customers, with whom [Landry] had material contact" for the purpose of competing with Southeastrans, and bars Landry from bidding to provide NEMT services within the Restricted Territory." [*Id.*] Section 4(B) bars Landry from soliciting or inducing any employee or independent contractor of Southeastrans to terminate an employment relationship or contract with Southeastrans or to obtain employment with an entity other than Southeastrans. [*Id.*]

Section 5 imposes the restrictions on competition. Section 5(C) provides that Landry will not provide any advice or services to any enterprise that competes with Southeastrans during his employment there. [ECF No. 29-2 at 2] Section 5(C) further provides that Landry will not compete with Southeastrans in the Restricted Territory for a period of one year following the termination of his employment. [*Id.*] Section 5(B) defines the Restricted Territory as consisting of "the State of Louisiana" for purposes of the Non-Compete Agreement. [*Id.*]

Southeastrans alleges that defendants Landry and Lester negotiated with Medi Trans to develop a competing NEMT brokerage business for it while they were still employed by

Southeastrans. It also alleges that they either copied or failed to return Southeastrans' proprietary and confidential information and are using this confidential and proprietary information to compete with it. [ECF No. 1 at 4-7]  Accordingly, Southeastrans filed a Complaint [ECF No. 1] alleging that the defendants violated their non-competition and non-solicitation agreements with Southeastrans, and that they used Southeastrans' proprietary or confidential information to compete against it. Southeastrans further asserts claims for trade secret misappropriation in violation of 28 U.S.C. § 1831, *et seq.,* violation of the Louisiana Uniform Trade Secrets Act, La. R.S. 51:1431, *et seq.*, and deceptive practices in violation of the Louisiana Unfair Trade Practices Act. Southeastrans further asserts that Landry and Lester violated their fiduciary duties to Southeastrans. Southeastrans requests damages and injunctive relief.

The Court previously entered a temporary restraining order enjoining all defendants from using, sharing, altering, or destroying any confidential or proprietary information belonging to Southeastrans or from soliciting Southeastrans employees, among other orders. [ECF No. 8] Defendants then filed a Counterclaim asserting that Southeastrans has violated the Louisiana Unfair Trade Practices Act and committed tortious interference with their business relations, seeking damages and injunctive relief. [ECF No. 11] This Court previously dismissed those counterclaims. [ECF No. 46] Landry now seeks dismissal of Southeastrans' claims against him for violation of contractual agreements not to compete and not to solicit.

## II.
### SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, discovery products on file, and affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The purpose of summary judgment is to pierce the pleadings, to assess the proof, and to determine whether there is a genuine need for trial. *See*

*Matsushita Electric Industries v. Zenith Radio Corp*. 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). Summary judgment procedure is designed to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). If the movant bears the burden of persuasion at trial on a claim or defense addressed in the motion for summary judgment, the movant must establish that there is no genuine dispute of material fact as to those claims or defenses. To satisfy this burden, the movant must come forward with competent summary judgment evidence conclusively establishing that no reasonable trier of fact could find other than for the moving party. *See Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.1986). To avoid summary judgment, the non-movant must then come forward with evidence showing that there is a genuine dispute of material fact.

If the non-moving party has the burden of persuasion at trial with respect to an issue addressed in the motion for summary judgment, the moving party may satisfy its initial burden by either (1) demonstrating affirmatively that there is no triable issue of fact as to each element of the non-moving party's affirmative defenses or claims, or (2) "showing" that the non-moving party cannot present evidence sufficient to satisfy the essential elements of its defenses or claims and thus cannot meet its burden of persuasion at trial. *Celotex Corp*., 477 U.S. at 324–326, 106 S. Ct. 2548. If the moving party makes a showing that there is "no evidence" to support the non-moving party's claims or defenses, the non-moving party must come forward with "substantial" evidence showing a genuine dispute of material fact with respect to each essential element of its affirmative defenses or claims. *Id.* Substantial evidence for purposes of defeating summary judgment is evidence sufficient to support a jury verdict in the non-movant's favor. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249–252, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). Under this standard, the non-movant cannot rely on unsupported assertions or arguments but must submit sufficiently

Page 4 of 13

probative evidence supporting its claims or defenses. Even if the burden shifts to the non-moving party, the movant still retains the ultimate burden of persuasion on the motion for summary judgment. *Celotex Corp.*, 477 U.S. at 330–331, 106 S. Ct. 2548.

In considering a summary judgment motion, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013)(court must view all facts and evidence in the light most favorable to the non-moving party). "Credibility determinations are not part of the summary judgment analysis." *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002). Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).

### III.
#### ANALYSIS

#### A. The Parties' Positions.

Landry argues that the non-competition and non-solicitation provisions in his employment agreement are unenforceable under Louisiana Revised Statute 23:921 as a matter of law because they do not include a geographic restriction that specifies the parishes, municipalities, or territories where they apply. [ECF No. 26-2 at 3] The agreements provide that the restrictions apply in "the State of Louisiana," which Landry contends is an improper geographic designation. [ECF No. 26-2 at 1-2] Southeastrans clarifies that Landry executed agreements covering two distinct types of

solicitation in addition to competition: solicitation of Southeastrans' employees and solicitation of

its customers. Southeastrans argues that the agreement not to solicit its employees is not barred by

23:921 because that statute does not apply to agreements not to solicit employees. [ECF No. 29 at

10] Southeastrans argues that the agreements not to compete and not to solicit customers are valid

even without a list of parishes or municipalities because both parties knew the extent of

Southeastrans' business operations. [ECF No. 29 at 11] Southeastrans further argues that if any of

the subject agreements are found invalid, the rest of the agreements between the parties should

remain in force. [ECF No. 29 at 16] Southeastrans also makes an alternative motion under Federal

Rule of Civil Procedure 56(d) for dismissal or deferral pending the deposition of Landry. [ECF

No. 29 at 14]

### B. Non-Solicitation of Employees.

Landry's non-solicitation restrictions cover solicitation of employees and customers. But

Landry's arguments under La. R.S. 23:921 do not distinguish between these two distinct

restrictions. The Court first addresses the question of whether section 23:921 applies to agreements

restricting the solicitation of a former employer's employees. [ECF No. 29 at 10] Louisiana

Revised Statute 23:921 declares null and void any contract or agreement "by which anyone is

restrained from exercising a lawful profession, trade, or business of any kind" unless it fits certain

exceptions enumerated in the statute. La. Stat. Ann. § 23:921(A)(1). In *Smith, Barney, Harris

Upham & Co. v. Robinson*, the Fifth Circuit held that section 23:921 does not apply to non-

solicitation restrictions with respect to the employees of a former employer; accordingly, these

agreements are not prohibited by the statute. 12 F.3d 515, 517 (5th Cir. 1994). There, a former

branch manager for the plaintiff stated that recruiting brokers was one of his most important

functions as a branch manager. *Id.* at 515. The Fifth Circuit held that his agreement not to solicit

his former employer's employees did not restrain the former branch manager from exercising a lawful profession, trade, or business, and therefore did not fall under section 23:921. *Id.* at 519. The court reasoned that the branch manager's non-solicitation agreement only barred him from recruiting a "small class" of employees that he agreed not to recruit, and therefore it did not prohibit him from conducting recruiting as a business. *Id.* The court also observed that, while section 23:921 expressly refers to non-competition agreements and agreements not to solicit customers, it makes no reference to restrictions on soliciting employees. To the court, this omission further supports the conclusion that the legislature did not intend for section 23:921 to bar agreements not to solicit employees. *Id.*; *see also CDI Corp. v. Hough*, 2008-0218 (La. App. 1 Cir. 3/27/09) 9 So. 3d 282, 292 (discussing previous cases and coming to the same conclusion as the court in *Smith, Barney*).

In sum, Landry's agreement not to solicit Southeastrans' employees does not prohibit Landry from engaging in a profession, trade, or business. It only bars him from soliciting a "small class" of employees: Southeastrans employees. Landry does not contend that the ability to solicit Southeastrans employees is central to his ability to engage in his business or profession. Section 23:921 does not, therefore, apply to Landry's agreement not to solicit employees. Accordingly, Landry's motion is DENIED with respect to Southeastrans' claim for breach of his agreement not to solicit employees.

### C. <u>Non-Competition and Non-Solicitation of Customers.</u>

Landry next argues that the non-competition agreement and the agreement not to solicit customers are invalid because the geographic scope of the agreements – "the State of Louisiana" – is impermissibly broad under section 23:921. [ECF No. 26-2 at 1-3] Relying on *Petroleum Helicopters, Inc. v. Untereker*, 731 So.2d 965 (La. App. 3 Cir. 1999), *writ denied*, 747 So.2d 40

Page 7 of 13

(La. 1999), Southeastrans argues that section 23:921 allows for restrictive covenants that do not list specific parishes when all parties have actual knowledge of the extent of the former employer's operations. [ECF No. 29 at 13] Southeastrans further argues that, due to the inherently state-wide nature of its business, requiring the agreement to list every parish in Louisiana would be nonsensical and would elevate form over substance. [*Id.* at 11-12] Landry argues that *Petroleum Helicopters* is distinguishable and that its reasoning has not been followed by other Louisiana state courts or the Fifth Circuit. [ECF Nos. 26-2 at 4-5; 34 at 1-2]

Louisiana has a strong policy against employment contracts which prohibit an employee from competing with a former employer, as evidenced by Louisiana Revised Statute 23:921. *Louisiana Smoked Prod., Inc. v. Savoie's Sausage & Food Prod., Inc*., 96-1716 (La. 7/1/97), 696 So. 2d 1373, 1379. Section 23:921 provides that non-competition agreements are null and void unless they fall within the specific exceptions enumerated in the statute. La. Stat. Ann. § 23:921(A)(1). Under section 23:921(C), an employee can agree not to compete with a former employer or to solicit customers of the former employer "within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein," for up to two years from termination of employment. La. Stat. Ann. § 23:921(C). The requirements of section 23:921 apply to agreements not to solicit customers as well as agreements not to compete. *Yorsch v. Morel*, 16-662 (La. App. 5 Cir. 7/26/17), 223 So. 3d 1274, 1288, *writ denied*, 2017-1475 (La. 11/13/17), 230 So. 3d 207 (citations omitted).

Agreements not to compete must be narrowly construed in accordance with section 23:921. *Arthur J. Gallagher & Co. v. Babcock*, 339 F. Apex 384, 387 (5th Cir. 2009). This is especially true regarding geographic and time limitations, which require "mechanical adherence to the requirements listed in the law." *L & B Transp., LLC v. Beech*, 568 F.Supp.2d 689, 693 (M.D. La.

2008)(citing *Plunk v. LKQ Birmingham, Inc.*, No. CIV.A. 12-2680, 2013 WL 5913755, at *4 (W.D. La. Oct. 31, 2013)); *see also Affordable Roofing, Siding, & Gutters, Inc. v. Artigues*, No. CV 16-16872, 2017 WL 713693, at *2 (E.D. La. Feb. 23, 2017).

The parties dispute the applicability of *Petroleum Helicopters.* Southeastrans argues that *Petroleum Helicopters* is dispositive and that, applying the case here, Landry's agreements not to compete or solicit customers are enforceable under section 23:921 even though the agreements do not list specific parishes. In *Petroleum Helicopters*, the defendant was hired as Vice President and Chief Financial Officer of the plaintiff, and he signed an employment agreement that prohibited him from competing against the plaintiff "within the parishes in which [Petroleum Helicopters, Inc. ("PHI")] carries on a like business;" the agreement did not, however, list specific parishes or municipalities. *Petroleum Helicopters,* 731 So. 2d at 966. The Louisiana Third Circuit held that the agreement complied with section 23:921 because, while the parishes where PHI conducted its business were not listed in the agreement, they could be determined. *Id.* at 968. Furthermore, due to the defendant's high-level position with the plaintiff, he "would surely be aware of the parishes in which PHI conducts its business." *Id.* Here, Southeastrans argues that Landry, as its top employee in Louisiana, was well aware that Southeastrans conducts or might conduct business in every city and parish in Louisiana. [ECF No. 29 at 14] Therefore, according to Southeastrans, Landry's agreements not to compete or solicit customers comply with section 23:921 based on the reasoning of *Petroleum Helicopters*. [*Id.*]

Landry, however, points to *Total Safety U.S., Inc. v. Code Red Safety & Rental, LLC*, 423 F. Supp. 3d 309, 313–14 (E.D. La. 2019). In that case, the court considered the *Petroleum Helicopters* decision and state appellate decisions issued thereafter. The *Total Safety* court concluded that the *Petroleum Helicopters* decision is an outlier and that "Louisiana Revised Statute

Page 9 of 13

23:921(C) requires that a restrictive covenant identify by name the parishes or municipalities to which it applies." *Id.* (citing *Bell v. Rimkus Consulting Grp., Inc. of La.*, 07-996, pp. 11-12 (La. App. 5 Cir. 3/25/08), 983 So. 2d 927, 933-34, *writ denied*, 2008-0891 (La. 6/20/08), 983 So. 2d 1276; *Kimball v. Anesthesia Specialists of Baton Rouge, Inc.*, 2000-1954, p. 9 (La. App. 1 Cir. 9/28/01), 809 So. 2d 405, 412-13, *writ denied*, 2001-3355 (La. 3/8/02), 811 So. 2d 886; *Aon Risk Servs. of La., Inc. v. Ryan,* 01-0614, p. 5 (La. App. 4 Cir. 1/23/02), 807 So. 2d 1058, 1062).[1] The *Total Safety* court concluded that a restrictive covenant that applies to "whatever parishes, counties, or municipalities the company does business" is impermissibly broad and unenforceable under 23:921. *Id.* (citing *Bell*, 983 So. 2d at 933; *Aon Risk Servs.*, 807 So. 2d at 1062). Similarly, in *Aon Risk*, the court explicitly disagreed with the reasoning in *Petroleum Helicopters* and held that section 23:921 requires that parishes or municipalities be specifically named, reasoning that the holding in *Petroleum Helicopters* renders useless the statutory requirement that the parishes be specified. *Aon Risk*, 807 So. 2d at 1060. The Fifth Circuit has followed the *Total Safety/Aon Risk* approach to geographic boundaries on non-competition agreements. *Brock Servs., L.L.C. v. Rogillio*, 936 F.3d 290, 296 (5th Cir. 2019).

Southeastrans argues that this reading of 23:921 is "nonsensical" and "elevates form over substance" in the context of a business with a statewide nature. While requiring parishes to be specifically listed "can be criticized as being overly technical, such a reading is consistent with Louisiana's strong public policy prohibiting covenants not to compete." *Restivo v. Hanger Prosthetics & Orthotics, Inc.*, No. CIV A 06-32, 2007 WL 1341506, at *4 (E.D. La. May 4, 2007).

---

[1] While the Louisiana Supreme Court denied writs in *Petroleum Helicopters*, it also denied writs in *Turner Professional Services, Ltd. v. Broussard*, which explicitly disagreed with *Petroleum Helicopters* and held that an agreement not to compete or solicit customers that did not list specific parishes or municipalities was unenforceable under 23:921(B), which has identical language to 921(C) regarding geographic limitations. 1999-2838 (La. App. 1 Cir. 5/12/00), 762 So. 2d 184, 186, *writ denied*, 2000-1717 (La. 9/29/0, 770 So. 2d 356.

The Louisiana Supreme Court has stated that this public policy is "based upon an underlying state desire to prevent an individual from contractually depriving himself of the ability to support himself and consequently becoming a public burden." *SWAT 24 Shreveport Bossier, Inc. v. Bond*, 2000-1695 (La. 6/29/01), 808 So. 2d 294, 298 (citations omitted). "Because such covenants are in derogation of the common right, they must be strictly construed against the party seeking their enforcement." *Id.* (citations omitted).

Similarly, the Fifth Circuit has reasoned that enforcing agreements that do not strictly adhere to these requirements would create an imbalance in the employer-employee relationship that was not intended by the legislature. *Team Envtl. Servs., Inc. v. Addison,* 2 F.3d 124, 127 (5th Cir. 1993) (holding invalid a non-competition agreement which prohibited competition within two hundred miles of the employee's base of operations at the time of termination). Specifically, it would allow employers to present employees with facially overbroad covenants, which contravenes the strong public policy against restraining individuals from engaging in a business or trade. *Id.* The court stated that requiring a listing of localities does not "require employers to use 'magic words.' Rather, consistent with Louisiana jurisprudence, we require a geographic term which substantially conforms to the statute by identifying with reasonable certainty those areas in which the employer lawfully may prohibit competition." *Team Envtl. Servs., Inc. v. Addison*, 2 F.3d 124, 127 (5th Cir. 1993).

Considering the applicable jurisprudence, the Court concludes that section 23:921 requires a specific listing of every parish in which an employer intends to restrict competition and in which that employer carries on a like business for an agreement not to compete or to solicit customers to be valid and enforceable.[2] Where, as here, a non-competition agreement or an agreement not to

---

[2] Listing every parish in Louisiana in a restrictive covenant is not inappropriate so long as the employer actually engages in business in each parish. *See Babcock*, 703 F.3d at 292.

solicit customers does not list specific parishes, the agreement is unenforceable under section 23:921.[3] Consequently, Landry's motion is GRANTED with respect to Southeastrans' claims that Landry violated his agreements not to compete or solicit customers. This claim is DISMISSED.

### D.  Southeastrans' Rule 56(d) Motion.

In a footnote, Southeastrans posits that the Court might find it necessary to know whether or not Landry claims that he was "fully aware that Southeastrans has operations in every single parish in Louisiana" before being able to resolve his motion for partial summary judgment. [ECF No. 29 at 14] In the event the Court finds such information necessary to dispose of the motion, Southeastrans asks the Court to "deny Landry's motion until Southeastrans is given the opportunity to take Mr. Landry's deposition" pursuant to Federal Rule of Civil Procedure 56(d). [*Id.*] As explained above, this argument is based on the reasoning of the *Petroleum Helicopters* decision; the Court rejects this approach to section 23:921. Accordingly, the motion is DENIED.

## IV.
### CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Landry's Motion for Partial Summary Judgment [ECF No. 26] is GRANTED IN PART and DENIED IN PART. The motion is DENIED to the extent it seeks dismissal of Southeastrans' claim that Landry violated an agreement not to solicit Southeastrans employees. The motion is GRANTED to the extent it seeks dismissal of

---

[3] Neither party to this matter seeks reformation of the non-competition and non-solicitation agreements if this Court finds them to be invalid. The Court will note, however, that reformation does not appear to be appropriate in this matter. *See SWAT 24*, 808 So. 2d at 309 (describing the appropriate method of reformation to be striking offending language rather than rewriting it). Striking the text defining the Restricted Territory would not create the required list of parishes or municipalities.

Southeastrans' claims that Landry violated agreements not to compete with Southeastrans or to solicit its customers.

Southeastrans' motion for denial or continuance under Rule 56(d) is DENIED.

THUS DONE in Chambers on this 12th day of March, 2021.

**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**